Sedgwick, J.—[Concurring.]—I
I am of opinion that the plaintiff could not maintain any action against the defendant after his release by Cobb, and that at no time could he obtain any other relief, in kind or quantity," than Cobb could have properly obtained. The reason of this is a position, fundamental to all contracts. The duties of the parties to this action were such as arose from their voluntary agreement. The defendant’s firm had employed the plaintiff as their "broker, to buy of Cobb. This authorized the plaintiff to do that thing, and if he had done it, he would not have incurred any liability to Cobb. If he be at liberty to insist now, that the judgment in Cobb against him is not res adjudícala, as to the facts of his sale to Cobb, and that he did sell, disclosing his principal, then the legal consequence of such a fact must have full effect, and it must be held that, he paid the purchase-price to Cobb, without being legally liable to pay It. On the other hand, if he did not disclose his principal, this omission was not at the request, express or implied, of the defendant. The pleading does not allege that there was any request; there is no evidence that there was. The plaintiff incurred the liability voluntarily, without defendant’s requesting it, * and therefore without his being responsible for its consequences. The defendant’s liability must be confined to such consequences as would follow the exercise of the authority given by him to the plaintiff. If the .authority had been followed, the defendants would have become liable to Cobb, with no liability to plaintiff, *232 excepting for brokerage and expenses. This liability to Cobb would have had, as an incident, the possibility of the single defendant, now here, being discharged from, it, under the joint debtors act. It cannot possibly be held, in my judgment, that a departure from the instructions can deprive the defendant of such an advantage, and which existed in this case.
It would seem to be involved in these views that the defendants were not connected at all with the plaintiff’s liability to Cobb, and therefore they were not liable to plaintiff, as if he were their surety. If the plaintiff upon paying Cobb, in discharging the liability, gained any right against the defendants, it would be gained upon principles of equity, that would give to-him, under the circumstances, such claim as Cobb might have against the defendants, and in this case Cobb had none against the defendant in this appeal. Nor would the plaintiff become possessed of the other defendant’s right to contribution against this defendant. This is-true, for the further reason that the other defendants-cannot claim a contribution to themselves for what they have not paid.' Probably, under no circumstances, could they claim anything, in excess of what the present defendant has paid Cobb.
I therefore agree that the judgment should be affirmed, with costs.